**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **RFC LENDERS OF TEXAS, LLC,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>1) **ZIPCAR, INC.;**<br>2) **AVIS BUDGET CAR RENTAL, LLC;** and<br>3) **AVIS BUDGET GROUP INC.,**<br><br>    **Defendants.** | **CIVIL ACTION NO.: 4:19-cv-414**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

1.      This is an action under the patent laws of the United States, Title 35 of the United States Code, for patent infringement in which RFC Lenders of Texas, LLC ("RFC" or "Plaintiff"), makes the following allegations against Zipcar, Inc. ("Zipcar"), Avis Budget Car Rental, LLC ("Avis Rental"), and Avis Budget Group Inc. ("Avis Group") (collectively, "Avis" or "Defendants").

**PARTIES**

2.      Plaintiff is a Texas limited liability company, having its primary office at 405 State Highway 121, Suite A250, Lewisville, TX 75067 – located in Denton County.

3.      Defendants Zipcar and Avis Rental are both Delaware corporations, with a shared principal place of business at 6 Sylvan Way, Parsippany, NJ 07054. Zipcar and Avis Rental share the same Registered Agent for service of process in Texas – Corporation Service Co., 211 E. 7th Street Suite 620, Austin, TX 78701.

4.      Defendant Avis Group is a Connecticut corporation, with the same principal place of business at 6 Sylvan Way, Parsippany, NJ 07054. Avis Group does not appear to have a Registered Agent for service of process in Texas.

5.      Zipcar is a wholly owned subsidiary of Avis Group.

6.      Upon information and belief, Avis Group operates Zipcar utilizing, in conjunction with, or via, Avis Rental.

## JURISDICTION AND VENUE

7. This action arises under the patent laws of the United States, Title 35 of the United States Code. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Venue is proper in this district under 28 U.S.C. §§ 1391(c), generally, and under 1400(b), specifically. Defendants have multiple regular and established places of business in this Judicial District, and Defendants have also committed acts of patent infringement in this Judicial District.

9. Defendants are subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this Judicial District.

10. Zipcar has regular and established places of business in Denton, Texas – upon the campus of the University of North Texas.



11. The instrumentalities accused of infringement (as detailed hereafter) operate daily at these locations in Denton.

12.     Avis has a regular and established place of business located at 3512 N. Central Expy., McKinney, TX 75071:



[3]

13. In addition, Avis Rental has at least six (6) other regular and established places of business operating throughout Denton and Collin Counties alone.

14. Defendants have infringed, and do infringe, by operating, transacting, and conducting Zipcar's business within the Eastern District of Texas.

15. Defendants' locations throughout Denton and Collin Counties are regular and established places of business in this Judicial District, and Defendants have committed acts of infringement at their locations within this District. Venue is therefore proper in this District under 28 U.S.C. § 1400(b).

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 7,430,471

16. Plaintiff is the owner by assignment of the valid and enforceable United States Patent No. 7,430,471 ("the '471 Patent") entitled "Method and System for Monitoring a Vehicle" – including all rights to recover for past, present and future acts of infringement. The '471 Patent issued on September 30, 2008, and has a priority date of October 25, 2004. A true and correct copy of the '471 Patent is attached as Exhibit A.

17. Defendants directly – through Zipcar – use, operate, provide, supply, distribute, offered for sale, and provide access to Zipcar's car-sharing service ("Car Share").

18. Before utilizing Car Share, end users must select a subscription plan via Zipcar's website, and create an account with Zipcar by providing personal and financial billing information:



[4]



19.     End users of Car Share are sent a "zipcard" – and RFID card issued to a specific end user to unlock and lock a selected Car Share vehicle during their use:



Managing a widely dispersed fleet of Zipcars requires a comprehensive suite of tools optimized for car sharing. Each Zipcar is equipped with a telematics control unit, including mobile data service, radio frequency identification (RFID) card readers, wireless antennae, wiring harness, vehicle interface modules and transponders for toll systems. This hardware, together with internally developed embedded firmware and vehicle server software, allows us to authorize secure access to our Zipcars from our data centers and provides us with a comprehensive set of fleet management data that is stored in our centralized database.

20. In order to reserve or schedule a Car Share vehicle, end users of Car Share must access their online account or download an app to their phone:



21. Via the Car Share app, users are able to locate the vehicle they will be using, and have the capability to activate electromechanical systems throughout the vehicle:

1) Reserve a Zipcar by the hour or day
2) Choose from a variety of vehicles—sedans, hybrids, vans, and more
3) Sort cars by available time, make, and model
4) View your upcoming reservations
5) Get directions to your Zipcar
6) Easily locate your reserved Zipcar by honking its horn
7) Unlock and lock your Zipcar
8) Tap to speak to the friendly local Zipcar team
9) Change, extend, or cancel reservations on the go

22. Once a Car Share end user has reserved and located the vehicle they will use, they place their "zipcard" in proximity to a sensor mounted on the inside of the vehicle:



**Getting on the road**

To drive, tap your Zipcard to the reader on the windshield to lock and unlock at the start and end of each reservation. Remember, the keys to the car should always stay in the car.

23. If the end user attempts to access the vehicle too soon before, or too late after, their scheduled time, access to the vehicle may be restricted:

**Arriving Early**

If there's no reservation immediately before yours, you can take the car up to 14 minutes early at no extra charge. (If you enter the car 15 to 30 minutes early, you will be billed for an additional half hour.)

The doors will only unlock early if the car is available. If you can't get in, that means the car may still be reserved by the previous member; Simply wait until your reservation start time and try again.

For example, the Zipcar card readers do not simply read any card and provide access -- they actually communicate with the Zipcar reservation system and only allow access to the car you have booked during the time of your scheduled reservation (actually up to 30 minutes before and 3 hours after). Try to use your Zipcard on a car that you have not reserved for a given time period and it will not work.

24. The Car Share system is capable of disabling the vehicle:

**Car Won't Start**

If the lights on the dashboard come on, but you are unable to start the engine it may be due to a security feature. Try the following steps:

1. Make sure that all doors are fully closed and the keys are not in the ignition.
2. Scan your zipcard on the scanner on the windshield from the inside.
3. Once you hear the beep, you can go ahead and start the Zipcar again.

To avoid this in the future, only use your Zipcard or mobile app to lock and unlock the doors.

> Further, the in-car Zipcar system includes ignition lockout -- even if you're in the Zipcar you won't actually be able to *start* the engine unless you have swiped in with your Zipcard. For example, if you lock the car with your Zipcard or mobile app and then unlock it with the normal keys, you will still need to "unlock" it again with the card or app before you can actually start the engine.

25. The Car Share system is capable of tracking the vehicle and its location, and requires users to pick up and return vehicles to specific Zipcar parking locations:

> Additional charges during your trip (such as mileage, fees, or extensions) will be billed at the end of your reservation.
>
> **Returning the Zipcar**
> Return your Zipcar to its home location or as instructed in your confirmation details.
>
> Directions are available in the mobile app. If you're dropping off at a location that has more than one reserved Zipcar space, any of them will do. If a non-Zipcar is





26. Car Share systems, and the vehicles operated thereby, are managed and/or controlled via communications with a data center or central database:

> Managing a widely dispersed fleet of Zipcars requires a comprehensive suite of tools optimized for car sharing. Each Zipcar is equipped with a telematics control unit, including mobile data service, radio frequency identification (RFID) card readers, wireless antennae, wiring harness, vehicle interface modules and transponders for toll systems. This hardware, together with internally developed embedded firmware and vehicle server software, allows us to authorize secure access to our Zipcars from our data centers and provides us with a comprehensive set of fleet management data that is stored in our centralized database.
>
> Similarly, unlike traditional key fobs, the iOS and Android apps do not communicate directly with the vehicle for locking, unlocking and honking the horn; mobile phones are not even equipped with the necessary hardware to do this. Instead, these apps send a message to the Zipcar servers which then transmit the appropriate instructions back to the car.

27. Plaintiff herein restates and incorporates by reference paragraphs 10 – 26, above.

28. All recited elements of – at least – claims 1-4, 10, 11, 13, 15-18, 24, 25, and 27 of the '471 Patent are present within Zipcar's Car Share systems.

29. Zipcar's Car Share systems monitor a vehicle.

30. Zipcar's Car Share systems detect movement or activation of a vehicle, and transmit signals indicating movement or activation of a vehicle to a control center.

31. Zipcar's Car Share systems transmit received operator identification information to a control center.

32. Zipcar's Car Share systems determine whether operator identification information is received within a time interval of detected movement or activation of a vehicle.

33. Zipcar's Car Share systems detect a vehicle's proximity to a landmark, and transmit vehicle and landmark identification data to a control center.

34. Zipcar's Car Share systems utilize RFID transceivers and devices within a vehicle and at landmarks.

35. Zipcar's Car Share systems utilize GPS transceivers co-located with the vehicle to transmit location coordinates of the vehicle.

36. Zipcar's Car Share systems – at least – claims 1-4, 10, 11, 13, 15-18, 24, 25, and 27 of the '471 Patent.

37. Zipcar's Car Share systems literally and directly infringe – at least – claims 1-4, 10, 11, 13, 15-18, 24, 25, and 27 of the '471 Patent.

38. Zipcar's Car Share systems perform or comprise all required elements of – at least – claims 1-4, 10, 11, 13, 15-18, 24, 25, and 27 of the '471 Patent.

39. In the alternative, Zipcar's Car Share systems infringe – at least – claims 1-4, 10, 11, 13, 15-18, 24, 25, and 27 of the '471 Patent under the doctrine of equivalents. Zipcar's Car Share systems perform substantially the same functions in substantially the same manner with substantially the same structures, obtaining substantially the same results, as the required elements of – at least – claims 1-4, 10, 11, 13, 15-18, 24, 25, and 27 of the '471 Patent. Any differences between the Zipcar's Car Share systems and the claims of the '471 Patent are insubstantial.

40. Zipcar's Car Share systems require end users to operate in a manner prescribed and controlled by Zipcar. End users must locate, reserve, operate, and return vehicles utilizing Zipcar servers, operating according to predetermined operations residing in Zipcar servers. Defendants therefore exercise control and/or direction over the performance of every action performed on or by a Car Share system, including those that are initiated by an end user.

41. All recited elements of – at least – claims 1-4, 10, 11, 13, 15-18, 24, 25, and 27 of the '471 Patent are present within, or performed by, Zipcar's Car Share systems or, in the alternative, performed by end users of Zipcar's Car Share systems under the direction and control of Defendants – and are therefore attributable to Defendants.

42. In the alternative, therefore, Zipcar's Car Share systems infringe – indirectly – claims 1-4, 10, 11, 13, 15-18, 24, 25, and 27 of the '471 Patent, by virtue of Defendants' exclusive control and direction of the infringing instrumentalities and/or operations.

43. Zipcar's Car Share systems, when used and/or operated in their intended manner or as designed, infringe – at least – claims 1-4, 10, 11, 13, 15-18, 24, 25, and 27 of the '471 Patent, and Defendants are therefore liable for infringement of the '471 Patent.

## **DEMAND FOR JURY TRIAL**

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter:

a. A judgment in favor of Plaintiff that Defendants have infringed the '471 Patent;

b. A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith, from infringement of the '471 Patent;

c. A judgment and order requiring Defendants to pay Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendants' infringement of the '471 Patent as provided under 35 U.S.C. § 284;

d. An award to Plaintiff for enhanced damages resulting from the knowing and deliberate nature of Defendants' prohibited conduct with notice being made at least as early as the service date of this complaint, as provided under 35 U.S.C. § 284;

e. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Plaintiff its reasonable attorneys' fees; and

f. Any and all other relief to which Plaintiff may show itself to be entitled.

June 5, 2019                                               Respectfully Submitted,

By: /s/ *Ronald W. Burns*

Ronald W. Burns (*Lead Counsel*)
Texas State Bar No. 24031903
RWBurns & Co., PLLC
5999 Custer Road, Suite 110-507
Frisco, Texas 75035
972-632-9009
rburns@burnsiplaw.com

**ATTORNEY FOR PLAINTIFF
RFC LENDERS OF TEXAS, LLC**